Filed 9/3/15  P. v. Womack CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C078494 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF140911) |
| v. | |
| PATRICK BOUVIER WOMACK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Patrick Bouvier Womack has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

M.G. and defendant lived together for a brief period in 2013 before defendant was sentenced to jail for physically abusing her. Defendant moved back in with M.G. after he was released from jail in January 2014. The abuse began again. Defendant repeatedly threatened M.G., sometimes his threats were accompanied by a weapon, including a knife, a screwdriver, a stake, or a hammer. Between January 2014 and April 2014, defendant assaulted M.G. approximately nine times.

On April 17, 2014, defendant missed his court-ordered domestic violence class and he sprayed M.G. in the face with pepper spray during an argument. M.G. locked herself in the bedroom but defendant kicked the door in. Defendant told M.G. the only way to get rid of her was to kill her. M.G. then locked herself in the bathroom where she texted a friend to call the police. The police arrived and arrested defendant.

M.G. told the police that defendant grabbed her by the throat and arm, held a lit cigarette close to her face, and threatened to kill her. She had a bruise under her left eye and two loose front teeth (defendant hit her in the mouth with a closed fist three weeks earlier).

The People later charged defendant with several felonies and alleged he was previously convicted of a strike prior (Pen. Code, § 667, subd. (e)(1))[1] and served four prior prison terms (§ 667.5, subd. (b)). After the trial court denied defendant's *Marsden*[2] motion, defendant pleaded no contest pursuant to *People v. West* (1970) 3 Cal.3d 595, at pages 609-610, to using tear gas (§ 22810, subd. (g)(1)), and admitted having a prior strike conviction. As part of the plea agreement, defendant reserved the right to file a

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

*Romero*[3] motion and a motion to reduce his felony conviction to a misdemeanor under section 17, subdivision (b).  Defendant agreed his was a "straight up plea" and, if his motions were not granted, he could serve up to six years in state prison.  The remaining charges and allegations were dismissed with a *Harvey*[4] waiver.

The trial court subsequently denied defendant's *Romero* motion, his section 17, subdivision (b) motion, and his second *Marsden* motion.  The court also denied defendant's motion to recuse the judge for bias under Code of Civil Procedure section 170.1.  The trial court denied defendant probation and sentenced him to six years in state prison.  The court ordered defendant to pay various fines and fees and awarded him 584 days of custody credit.

Defendant appeals without a certificate of probable cause.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The judgment is affirmed.

                                      /s/
                                   Blease, Acting P. J.

We concur:

  /s/
Robie, J.

  /s/

Butz, J.